**In re STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Relator.**

No. 01–98–00008–CV.

Court of Appeals of Texas, Houston (1st Dist.).

March 19, 1998.

Joseph F. Nistico, Jr., Erik Walker, Ralphell V. Wilkins, Houston, for Relator.

Steven Doyle Poock, Sugarland, for Real Party In Interest.

Before COHEN, O'CONNOR and ANDELL, JJ.

## OPINION

COHEN, Justice.

Relator, State Farm seeks a writ of mandamus directing Judge Susan Lowery, Judge of County Court at Law No. 3 of Fort Bend County, Texas, to vacate two orders (1) prohibiting State Farm from questioning certain witnesses about any lawsuit or insurance claim other than the claim by plaintiffs and (2) prohibiting State Farm from obtaining bank records of the operating account of plaintiffs' former law firm, Wilkins & Associates.[1] We conditionally grant the relief requested.

---

1. State Farm stated at oral argument that it was no longer seeking relief in regard to the order concerning the Wilkins' trust account.

## FACTS

This is a breach of contract case arising out of an automobile accident. Plaintiffs, Lelia Mejia, Francisco Ortiz, and Gloria Ortiz, sued State Farm for PIP benefits under their insurance policy. State Farm counterclaimed for fraud and conspiracy, alleging that the plaintiffs, at their attorney's (Raphaell Wilkins) behest, intentionally staged the automobile "accident" and fraudulently claimed nonexistent injuries. To prove its defense and counterclaim, State Farm sought to depose three former employees of the Wilkins firm and to obtain bank records to prove a pattern of fraud. The trial court quashed the subpoena for the bank records and restricted the deposition in advance to questions about the facts of this particular accident.

## MANDAMUS STANDARDS

 Mandamus issues only to correct a clear abuse of discretion when there is no adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). Such a restriction on mandamus is necessary to preserve orderly trial proceedings and prevent constant interruption of the trial process by appellate courts. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 305 (Tex. 1994). The relator must establish that the trial judge (a) could reasonably have reached only one decision in ruling on a fact issue or matter committed to the trial court's discretion, and failed to do so or (b) failed to correctly determine what the law is or apply it to the facts. *Walker*, 827 S.W.2d at 840.

 A party does not have an adequate remedy on appeal when the party's ability to present a viable claim or defense at trial is so vitiated or severely compromised by the trial court's discovery error that conducting the trial would be a waste of judicial resources. *Id.* at 843. A remedy by appeal is also inadequate where the trial judge disallows discovery, the requested discovery cannot be made a part of the appellate record, and the reviewing court would thereby be unable to evaluate the effect its absence from any future trial record. *Id.* at 843–44.

## MERITS OF PETITION FOR WRIT OF MANDAMUS

 State Farm contends plaintiffs' claim has the classic characteristics of a staged "sudden stop accident." State Farm relies on the following evidence:

1. **The inexplicable explanation for the drive**—The plaintiffs had a collision on October 14, 1994. The plaintiffs, all relatives, were passengers of a vehicle driven by Lelia Mejia. Mejia claims she and her family were driving to a potential job interview for Mejia at a company named "Amelia Insurance." Mejia testified that she is an illegal alien with no social security number and no green card. Mejia had never before applied for a job and never applied for one after the collision. State Farm's investigation revealed that there was no company operating in Houston by the name of "Amelia Insurance." State Farm contends that consistent with "sudden stop" schemes, in which the participants drive until they find a preferred victim, the family drove for over two-and-a-half hours supposedly looking for "Amelia Insurance."

2. **The use of a "Lemon" vehicle**—Despite never owning a vehicle, and despite four separate family cars at her disposal, Mejia purchased a car shortly before the accident. Mejia testified she purchased the car from a man she met while pumping gas at a service station. She paid a mere $300 cash for the vehicle. Mejia never asked for the seller's name or address. She immediately insured the vehicle, and the accident at issue occurred just three weeks after her insurance policy for the car took effect.

3. **The inexplicable sudden stop**—Fort Bend County Sheriff's Department Deputy Wayne Hastedt assigned fault for the accident to Mejia. He concluded Mejia stopped her vehicle suddenly for no apparent reason. Although the plaintiffs indicated a car stopped in front of them, none of the plaintiffs could provide a license plate or even a general description of *the* vehicle or its occupants.

4. **The feigning of injury**—Two witnesses testified that the occupants of the

plaintiffs' vehicle were fine until the sound of sirens came.

5. **Failure to seek medical care for days**—Plaintiffs' injuries were limited to "soft tissue" injuries. None of the plaintiffs sought medical care for days after the accident. Instead, they visited their attorney (Wilkins) who recommended health care providers. Dr. David Marrack, a treating physician for Mejia, acknowledged that he had doubts about any pain of which Mejia complained given the delay in seeking treatment.

6. **Falsification of medical records**—Dr. Meisler, who treated the Ortiz couple, found exaggerated recommendations and falsified dates in the records of the center with which he worked, Hobby Physical Therapy Center. During his deposition, Dr. Meisler observed that several of the records he submitted to the center contained additional writing not belonging to anyone from his office. For instance, after an initial visit, Dr. Meisler approved two to three weeks of physical therapy for Ms. Ortiz and someone altered that approval to four weeks. Similarly, Hobby's records list a visit by Mr. Ortiz to Dr. Meisler on a day when Dr. Meisler was hospitalized.

7. **Wilkins' association with Rita Frillarte, a convicted mail fraud felon**—Frillarte was Wilkins' office manager. She was convicted on a guilty plea to mail fraud in May 1995 for defrauding insurance companies by staging auto collision claims. Frillarte pled guilty, admitting that "it was part of a scheme that the law firm would submit, fraudulent medical claims to the insurance company for physical therapy services that either were unnecessary or were never provided."

8. **The plaintiffs' vehicle was involved in a prior "sudden stop" accident**—About one year before this accident, the plaintiffs' car had a similar "sudden stop" accident. A personal injury claim arose from that accident as well.

9. **State Farm paid Wilkins 1.5 million dollars, a significant portion of which were for "sudden stop" accidents**—An affidavit from a claims specialist from State Farm indicates that Wilkins has represented clients filing over 300 claims with State Farm, a significant portion of which involved "sudden stop" accidents. State Farm has paid Wilkins and his clients over $1.5 million dollars.

We believe State Farm has presented more than a prima facie case of fraud. Without the requested discovery, State Farm cannot develop facts consistent with a fraudulent scheme. State Farm should be permitted to discover additional evidence to defend against plaintiffs' claims and support its counterclaim. *See* TEX.R.CIV.EVID. 404(b) (other wrongs may be admissible to prove motive, intent, preparation, plan, knowledge, or absence of accident). The discovery sought is reasonably calculated to lead to admissible evidence. No undue burden would be placed on Wilkins because the records are not his. They are possessed and owned by banks. Moreover, without mandamus relief, State Farm's ability to defend the lawsuit and to prosecute its counterclaim will be vitiated. Without mandamus relief, the prohibited discovery will not be part of the trial court's record, and a reviewing court will not be able to determine the effect of its absence. We conclude that State Farm has established its right to relief.

Judge Lowery may enter appropriate protective orders. *See ISK Biotech Corp. v. Lindsay*, 933 S.W.2d 565 (Tex.App.—Houston [1st Dist.] 1996, original proceeding). We hold, however, that she may not wholly exclude from discovery these areas of legitimate inquiry.

We conditionally grant a writ of mandamus ordering the trial court to vacate the two orders. The writ will not issue unless necessary.