# NO. 12-22-00267-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *CHAMBLEE RYAN, P.C.,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

Chamblee Ryan P.C. (Ryan) filed this original proceeding in which it challenges Respondent's decision to limit the scope of its deposition of a non-party.[1]  We deny the writ.

### BACKGROUND

This is a legal malpractice case stemming from Ryan's defense of Real Party in Interest JBS Carriers, Inc. in a suit filed by Real Party in Interest Greg Oliver.  In the underlying suit, Oliver asserted he was injured in an accident with a semi-truck operated by a JBS driver.  Ryan was retained to defend JBS in the suit.  The suit ultimately went to trial and the jury returned a verdict of approximately $1.8 million against JBS.  Ryan filed a motion for new trial, which was overruled by operation of law.  Ryan did not file a notice of appeal.

JBS filed the instant lawsuit against Ryan urging that Ryan committed legal malpractice by failing to keep it properly informed, failing to properly evaluate, staff, and try the case, and failing to perfect an appeal.  JBS contends, in part, that if Ryan had not committed malpractice, the case would have settled far below the $1.8 million jury verdict.

The parties deposed Oliver's trial counsel, who testified that Oliver would have settled for $1.25 million if JBS had perfected an appeal.  Ryan then sought to depose Oliver.  Oliver resisted, seeking to limit the deposition to one hour.  Ryan filed a motion to compel the

---

[1] Respondent is the Honorable Paul White, Judge of the 159th Judicial District Court in Angelina County, Texas.

deposition. According to Ryan, because of the nature of a legal malpractice case, Oliver's testimony regarding his claims, injuries, medical expenses, and trial and settlement considerations are central to the lawsuit. With the exception of lost settlement opportunities, Oliver responded that he had no knowledge concerning the other issues.

At the hearing on Ryan's motion to compel, Respondent stated that he needed further clarification on the scope of the intended questioning before he could rule. Ryan outlined five topics on which it wished to depose Oliver and gave its reasoning for each one. Respondent then granted the motion to compel Oliver's deposition on all five topics, limiting the scope of three. The parties agreed to the form of an order, which also included a provision limiting the deposition to two and one-half hours per side. Specifically, the order allowed Ryan to depose Oliver on the following topics:(1) the truck wreck that caused Oliver's injuries as to how the accident occurred and the extent of damages sustained to his vehicle but only insofar as questions not previously asked at trial; (2) the injuries Oliver sustained from the truck wreck but only insofar as questions not previously asked at trial and limited up to the May 2018 trial date; (3) Oliver's testimony in the underlying trial but only insofar as questions for confirmation that he testified truthfully at trial; (4) all settlement discussions that took place prior to, during, and after the underlying lawsuit; and (5) any communication with JBS's current counsel regarding the underlying lawsuit, the topics for the deposition, or the claims and defenses of the current suit. This mandamus proceeding followed.

## PREREQUISITES TO MANDAMUS

Ordinarily, to be entitled to a writ of mandamus, relators must show that the trial court clearly abused its discretion, and that they lack an adequate remedy by appeal. *In re Dawson*, 550 S.W.3d 625, 628 (Tex. 2018) (original proceeding) (per curiam).

The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). Because this balance depends heavily on circumstances, it must be guided by analysis of principles rather than simple rules that treat cases as categories. *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008) (orig. proceeding). In evaluating benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124,

2

136 (Tex. 2004) (orig. proceeding). We also consider whether mandamus will "allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments." *Id*. Finally, we consider whether mandamus will spare the litigants and the public "the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id*. Appeal is not an adequate remedy when the appellate court would not be able to cure the trial court's discovery error on appeal. *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding) (per curiam); *In re Ford Motor Co.*, 988 S.W.2d 714, 721 (Tex. 1998) (orig. proceeding).

## ABUSE OF DISCRETION

Ryan contends Respondent abused his discretion by limiting the scope of Oliver's deposition.

## Standard of Review and Applicable Law

A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam). This standard has different applications in different circumstances. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1994) (orig. proceeding). When reviewing the trial court's resolution of factual issues or matters committed to its discretion, we may not substitute our judgment for that of the trial court. *Id*. The relator must show that the trial court could reasonably have reached only one conclusion. *Id*. at 840. Our review of the trial court's determination of the legal principles controlling its ruling is much less deferential. *Id*. This is because a trial court has no discretion in determining what the law is or applying the law to the facts. *Id*.

Texas Rule of Civil Procedure 205.1 authorizes a party to compel discovery from a nonparty by serving a subpoena compelling a request for production of documents or tangible things, pursuant to Rule 199.2(b)(5) or Rule 200.1(b), served with a notice of deposition on oral examination or written questions. TEX. R. CIV. P. 205.1(c). Generally, a party may obtain discovery regarding any unprivileged matter that is relevant to the subject matter of the pending action, even if it would be inadmissible at trial, so long as the information sought is "reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a); *In re CSX*

3

***Corp.***, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding). The scope of discovery is broad, but "requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution." ***CSX Corp.***, 124 S.W.3d at 152. "[R]equests must be 'reasonably tailored' to include only relevant matters." ***Id***. Discovery may not be used as a fishing expedition or to impose unreasonable expenses on the opposing party. ***In re Alford Chevrolet-Geo***, 997 S.W.2d 173, 181 (Tex. 1999) (orig. proceeding); ***In re Am. Optical Corp.***, 988 S.W.2d 711, 713 (Tex. 1998) (orig. proceeding).

Discovery should be limited if the trial court determines that (a) it is unreasonably cumulative or duplicative, or obtainable from some other source that is more convenient, less burdensome, or less expensive; or (b) its burden or expense outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. TEX. R. CIV. P. 192.4. Additionally, to protect the movant from undue burden, unnecessary expense, harassment, annoyance, or invasion of personal, constitutional, or property rights, a trial court may make an order in the interest of justice that, among other things, orders that: (1) the requested discovery not be sought in whole or in part; (2) the extent or subject matter of discovery be limited; (3) the discovery not be undertaken at the time or place specified; (4) the discovery be undertaken only by such method or upon such terms and conditions or at the time and place directed by the court; and (5) the results of discovery be sealed or otherwise protected, subject to the provisions of Rule 76a. TEX. R. CIV. P. 192.6(b). Although a trial court may exercise some discretion in granting a protective order, such discretion is not without bounds. ***In re Collins***, 286 S.W.3d 911, 919 (Tex. 2009) (orig. proceeding). The party seeking a protective order must show particular, specific, and demonstrable injury by facts sufficient to justify a protective order. ***Id***.

To prove a legal-malpractice claim, the client must establish that: (1) the lawyer owed a duty of care to the client; (2) the lawyer breached that duty; and (3) the lawyer's breach proximately caused damage to the client. ***Stanfield v. Neubaum***, 494 S.W.3d 90, 96 (Tex. 2016). A lawyer can be negligent and yet cause no harm. ***Rogers v. Zanetti***, 518 S.W.3d 394, 400 (Tex. 2017). And, if the breach of a duty of care does not cause harm, no valid claim for legal malpractice exists. *See, e.g.,* ***Alexander v. Turtur & Assocs., Inc.***, 146 S.W.3d 113, 119 (Tex.

4

2004) (noting that "an abundance of evidence as to [breach] cannot substitute for a deficiency of evidence as to [causation]").

When a legal-malpractice case arises from prior litigation, the plaintiff must prove that the client would have obtained a more favorable result in the underlying litigation had the attorney conformed to the proper standard of care. ***Elizondo v. Krist***, 415 S.W.3d 259, 263 (Tex. 2013). "The traditional means of resolving what should have happened is to recreate the underlying case." 4 Ronald E. Mallen, Legal Malpractice § 33:7 at 673 (2017). This re-creation is typically referred to as the "case-within-a-case" or "suit-within-a-suit" and "is the accepted and traditional means of resolving the issues involved in the underlying proceeding in a legal malpractice action." *Id*. § 37.87 at 1695. Where the injury claimed does not depend on the merits of the underlying action, however, the case-within-a-case methodology does not apply. *See id*. (listing examples such as a lawyer's misappropriation or misallocation of settlement proceeds); *see also **Elizondo***, 415 S.W.3d at 270 (concluding that "'suit within a suit' analysis is not required in a [malpractice] case" alleging negligent settlement).

### Analysis

In its petition, Ryan contends Oliver "failed to show a particular, specific, and demonstrable injury sufficient to justify the Court's protective order limiting his deposition."

In support of its argument, Ryan relies on ***In re Mustang Asset Recovery, Ltd***., No. 05-19-01036-CV, 2019 WL 6649056 (Tex. App.—Dallas Dec. 6, 2019, orig. proceeding) (mem. op.). In ***Mustang***, the Dallas Court of Appeals held that a judgment creditor should be allowed to depose the judgment debtor on her financial condition even though she recently testified during a hearing on her motion to dissolve a receivership. ***Mustang***, 2019 WL 6649056, *1-2. The appellate court stated that the trial court abused its discretion in granting the protective order because the deponent presented no evidence to support its motion. *Id.* at *3. Ryan argues that Oliver likewise presented no evidence to support his response to the motion to compel, and it concludes Respondent abused its discretion. We disagree.

Unlike ***Mustang***, this case does not concern a motion to quash or a motion for a protective order. Ryan filed a motion to compel Oliver's deposition, which Respondent granted. So in actuality, Ryan received the relief requested. In addition, the prior testimony in ***Mustang*** was given without notice and Mustang did not cross-examine the witness regarding her financial

condition. In this case, Ryan has the benefit of having participated in Oliver's previous deposition and trial.

We agree that a party objecting to discovery must support its objection with evidence. *See* ***In re United Fire Lloyds***, 578 S.W.3d 572, 580-81 (Tex. App.—Tyler 2019, orig. proceeding). However, contrary to Ryan's assertions, Oliver did not argue the deposition would be unduly burdensome. He urged that he previously was deposed in the underlying trial and has no new relevant information on which to testify. Respondent disagreed and granted the motion to compel. The order granting the motion merely limited the deposition so that Ryan could not repeat the questions posed to Oliver in the underlying trial. As noted above, a trial court has discretion to limit a deposition if it finds it is unreasonably duplicative, and it is axiomatic that asking the exact questions a second time is unreasonably duplicative. *See* ***id.*** (no evidence required when basis for discovery limitation is established as a matter of law or readily apparent from the face of the requests). And Ryan does not address the duplicative nature of the limitations.[2]

Because Respondent granted the relief Ryan requested and only limited the deposition's scope regarding duplicative questions, we conclude Respondent did not abuse his discretion.[3]

## DISPOSITION

Having determined that no abuse of discretion occurred under the facts of this case, we *deny* Ryan's petition for writ of mandamus.

**BRIAN HOYLE**
Justice

Opinion delivered October 21, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

---

[2] Ryan spends a considerable amount of its brief urging that the "case within a case" analysis requires him to depose Oliver about the entirety of the underlying trial; however, as this is basically a "bad settlement" case, the merits of the underlying suit are not necessary and the "case within a case" does not apply. *See* ***Elizondo v. Krist***, 415 S.W.3d 259, 270 (Tex. 2013); *see also* 4 Ronald E. Mallen, Legal Malpractice § 37.87 at 1695 (2017).

[3] Ryan also argues that Respondent could not limit the length and topics of Oliver's deposition; however, he cites no authority for that proposition.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

OCTOBER 21, 2022

NO. 12-22-00267-CV

**CHAMBLEE RYAN, P.C.,**
Relator
V.

**HON. PAUL WHITE,**
Respondent

---

### ORIGINAL PROCEEDING

---

ON THIS DAY came to be heard the petition for writ of mandamus filed by Chamblee Ryan, P.C.; who is the relator in appellate cause number 12-22-00267-CV and the defendant in trial court cause number CV-00619-20-11, pending on the docket of the 159th Judicial District Court of Angelina County, Texas. Said petition for writ of mandamus having been filed herein on September 23, 2022, and the same having been duly considered, because it is the opinion of this Court that a writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*

7