

# NUMBER 13-24-00158-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE ERIC REYNA

## ON PETITION FOR WRIT OF MANDAMUS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Peña**
**Memorandum Opinion by Chief Justice Contreras**

By petition for writ of mandamus, relator Eric Reyna contends that the trial court[1] abused its discretion by denying discovery that "goes to the heart" of his case and is "necessary for a fair adjudication" of his claims. Relator filed suit against McCoy Corporation d/b/a McCoy's Building Supply (McCoy) for personal injuries that he sustained when a McCoy employee was loading merchandise onto his trailer. We

---

[1] This original proceeding arises from trial court cause number C-0431-22-M in the 476th District Court of Hidalgo County, Texas, and the respondent is the Honorable Ysmael Fonseca. *See* TEX. R. APP. P. 52.2.

conditionally grant the petition for writ of mandamus as stated herein.

## I.     BACKGROUND

Relator filed suit against McCoy asserting causes of action for negligence and premises liability. In relevant part, relator asserted that:

> On February 5, 2020, [relator] was an invitee of [McCoy's]. [Relator] was at the loading area of [McCoy's] in order to load some [F]rench doors he had purchased. As the doors were being loaded . . . , a single employee, Jorge Soto, of [McCoy's] was sent to assist in the loading. Mr. Soto began to carelessly toss the doors onto his trailer with disregard of the way the doors were being loaded. [Relator], worried about the condition in which his product was being loaded, explicitly told Mr. Soto to stop because he was damaging the [relator's] expensive French doors. As the [relator] climbed onto the trailer in an effort to re-adjust the doors and mitigate any further damage to them, Mr. Soto threw another door onto the trailer, which hit the [relator] and caused him to flip over the side of the trailer. [Relator] fell approximately 4 feet onto the hard concrete surface where he subsequently struck his head, causing him to lose consciousness. The fall caused [relator] to suffer significant and disabling injuries.

McCoy filed an answer to relator's suit generally denying his claims.

The parties thereafter engaged in discovery but were unable to agree regarding several of relator's discovery requests. On February 5, 2024, relator filed an amended motion to compel McCoy to respond to its discovery requests, specifically seeking discovery regarding any video surveillance system at the subject store and prior similar claims and incidents. Relator also sought to depose the information technology employee at McCoy who was responsible for McCoy's video surveillance systems. On February 12, 2024, McCoy filed a response asserting generally that relator's discovery requests were "grossly overbroad fishing expeditions bearing no relation to the allegations in this case" and were "an impermissible attempt to harass [McCoy] by producing voluminous documents on unrelated incidents." In addition to further argument along these lines,

2

McCoy further asserted that the incident did not occur as relator suggested, alleging that relator "readjusted his stance and simply fell [off] the tongue of his trailer as he was loading the materials."[2] McCoy stated that relator left the store without reporting the incident and returned the following day to ask for the completion of an incident report.

On February 15, 2024, the trial court held a non-evidentiary hearing on relator's motion to compel. At the hearing, relator's counsel advised the trial court that the store's assistant manager told relator that he saw the incident occur on the store's video equipment; therefore, relator requested the trial court to compel McCoy to respond to discovery requests about the video equipment and to allow relator to depose the McCoy employee in charge of that equipment. According to counsel, Soto testified in deposition that pursuant to McCoy's policies, customers are not allowed to participate in loading and unloading products, and McCoy employees are required to wait for fellow employees to assist in loading heavy or large items. Thus, relator asserted that McCoy's company-wide policies, and accidents involving those policies, were relevant and discoverable. In contrast, McCoy's counsel alleged that Soto was loading the doors when relator "inserted" himself into the process, that Soto did not strike relator with the door, and that relator fell off the trailer without its employee's involvement. McCoy's counsel asserted that the store manager has been deposed, and the store manager testified that the video surveillance equipment was not operational at the time of the incident. According to counsel, McCoy

---

[2] We note that the scope of discovery is not governed by the alleged merits, or lack thereof, of a party's claim or defense. *See In re Walmart, Inc.*, 620 S.W.3d 851, 858–59 (Tex. App.—El Paso 2021, orig. proceeding [mand. denied])*; see also In re Citizens Supporting Metro Sols., Inc.*, No. 14-07-00190-CV, 2007 WL 4277850, at *3 (Tex. App.—Houston [14th Dist.] Oct. 18, 2007) (orig. proceeding) (mem. op.) ("A discovery mandamus cannot be used to obtain an advance adjudication of the merits. If, as here, the trial court does not rule on the merits of any of the claims, then the scope of discovery in the mandamus proceeding will be based on the pleadings.").

has one information technology employee who works at its corporate offices in San Marcos and handles all of the McCoy stores. McCoy's counsel advised the trial court that McCoy has eighty-three stores, or more, in Texas, New Mexico, and Oklahoma.

At the conclusion of the hearing, relator's counsel offered to limit his discovery requests to "loading and unloading of large merchandise and the interaction of customers with large merchandise and those sorts of the claims." Relator's counsel further expressly advised the trial court that relator is contending that McCoy violated its company-wide policies with regard to the accident at issue. The trial court verbally ruled that it was limiting discovery "to the store at issue in this case," and stated that it was "not going to allow discovery in 82 [sic] stores."

On March 6, 2024, the trial court signed the following order denying relator's motion to compel discovery:

> BE IT **REMEMBERED** that on February 15, 2024, came to be heard Plaintiff[']s Amended Motion to Compel Complete Answers and Responses to Defendant's Interrogatories, Requests for Production, and Request for Hearing on said discovery, and after considering the motion, response, arguments of counsel, evidence presented and governing law provided by counsel, the Court finds that Plaintiff's motion to compel should be **DENIED** regarding Interrogatory Nos. 10 and 15 and Requests for Production Nos. 2, 8 and 16, which was offered to be limited to information and documents related to prior claims, incidents or lawsuits involving customers injured: 1) While interacting with merchandise inside Defendant's stores; 2) While loading or unloading purchased merchandise into vehicles at Defendant's premises; and 3) While returning or exchanging merchandise at Defendant's stores.
>
> **IT IS THEREFORE ORDERED** that Plaintiff[']s Amended Motion to Compel is **DENIED** with respect to Interrogatory Nos. 10 and 15 and Requests for Production Nos. 2, 8, and 16 as specified above, and that Plaintiff is limited to "other similar incidents" at the subject location at: McCoy's Building [Supply] #100, located at 2901 W. University, Edinburg, Texas.

**IT IS FURTHER ORDER[ED], ADJUDGED AND DECREED** that Plaintiff's Amended Motion to Compel on Interrogatories Nos. 4, 5, 6, 7, 8, and Request for Production Nos. 15 and 43 dealing with the video surveillance system is **DENIED** and that Plaintiff is permitted to include surveillance equipment as a topic for a Corporate Representative as per Rule 199.2(b), Texas Rules of Civil Procedure[] related to the subject location at: McCoy's Building [Supply] #100, located at 2901 W. University. Edinburg. Texas.

This original proceeding ensued. By three issues, relator contends that the trial court abused its discretion by denying his motion to compel discovery because : (1) the requested discovery goes to the heart of relator's claims for personal injury; (2) the requested discovery is "necessary for a fair adjudication" of relator's claims; and (3) because McCoy failed to show that any of the discovery sought was unreasonably cumulative or obtainable from some other source, or that the burden or expense of the proposed discovery outweighed its likely benefit. We requested and received a response to the petition for writ of mandamus from McCoy, and a reply thereto from relator.

## II. MANDAMUS

Mandamus is an extraordinary and discretionary remedy. *See In re Allstate Indem. Co.*, 622 S.W.3d 870, 883 (Tex. 2021) (orig. proceeding); *In re Garza*, 544 S.W.3d 836, 840 (Tex. 2018) (orig. proceeding) (per curiam); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 138 (Tex. 2004) (orig. proceeding). The relator must show that (1) the trial court abused its discretion, and (2) the relator lacks an adequate remedy on appeal. *In re USAA Gen. Indem. Co.*, 624 S.W.3d 782, 787 (Tex. 2021) (orig. proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36; *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding).

5

The trial court abuses its discretion if it reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 247 (Tex. 2021) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 839) (cleaned up); *see In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding). "If an appellate court cannot remedy a trial court's discovery error, then an adequate appellate remedy does not exist." *In re Dana Corp.*, 138 S.W.3d 298, 301 (Tex. 2004) (orig. proceeding).

### III.   DISCOVERY

The scope of discovery is generally within the trial court's discretion. *In re Graco Children's Prods., Inc.*, 210 S.W.3d 598, 600 (Tex. 2006) (orig. proceeding) (per curiam); *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam). "Parties are 'entitled to full, fair discovery' and to have their cases decided on the merits." *Ford Motor Co. v. Castillo*, 279 S.W.3d 656, 663 (Tex. 2009) (quoting *Able Supply Co. v. Moye*, 898 S.W.2d 766, 773 (Tex. 1995) (orig. proceeding)). Thus, our procedural rules allow the broad discovery of unprivileged information that is "relevant to the subject matter of the pending action." TEX. R. CIV. P. 192.3(a); *see In re N. Cypress Med. Ctr. Operating Co.*, 559 S.W.3d 128, 131 (Tex. 2018) (orig. proceeding); *In re Nat'l Lloyds Ins.*, 449 S.W.3d 486, 488 (Tex. 2014) (orig. proceeding). It is not a ground for objection "that the information sought will be inadmissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." TEX. R. CIV. P. 192.3(a).

6

Information is relevant if it tends to make the existence of a fact that is of consequence to the determination of the action more or less probable than it would be without the information. *See* TEX. R. EVID. 401. The phrase "relevant to the subject matter" is to be "liberally construed to allow the litigants to obtain the fullest knowledge of the facts and issues prior to trial." *Ford Motor Co.*, 279 S.W.3d at 664; *see In re Nat'l Lloyds Ins.*, 449 S.W.3d at 488. We evaluate the relevancy of discovery on a case-by-case basis by considering, among other things, the pleadings and the instrumentality of the alleged injury. *In re Sun Coast Res., Inc.*, 562 S.W.3d 138, 146 (Tex. App.—Houston [14th Dist.] 2018, orig. proceeding); *see also In re Methodist Primary Care Grp.*, No. 14-17-00299-CV, 2017 WL 3480292, at *2 (Tex. App.—Houston [14th Dist.] Aug. 14, 2017, orig. proceeding) (mem. op.) (per curiam). Determining which facts are "of consequence" to the action necessarily begins with a review of the pleadings. *In re Allstate Fire & Cas. Ins.*, 617 S.W.3d 635, 643 (Tex. App.—Houston [14th Dist.] 2021, orig. proceeding).

Nevertheless, a party's discovery requests must show a reasonable expectation of obtaining information that will aid in the resolution of the dispute. *In re Contract Freighters, Inc.*, 646 S.W.3d 810, 814 (Tex. 2022) (orig. proceeding) (per curiam); *In re CSX Corp.*, 124 S.W.3d at 152. A discovery request is "overbroad" when it encompasses "time periods, products, or activities beyond those at issue in the case" and, therefore, is not "reasonably tailored to include only relevant matters." *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 n.1 (Tex. 1999) (orig. proceeding); *see also In re Deere & Co.*, 299 S.W.3d 819, 820 (Tex. 2009) (orig. proceeding) (per curiam); *In re Graco Children's Prods.*, 210 S.W.3d at 600; *In re Waste Mgmt. of Tex., Inc.*, 392 S.W.3d 861, 871 (Tex.

7

App.—Texarkana 2013, orig. proceeding). Stated otherwise, "a discovery request that is unlimited as to time, place, or subject matter is overly broad as a matter of law." *In re United Fire Lloyds*, 578 S.W.3d 572, 580 (Tex. App.—Tyler 2019, orig. proceeding); *see In re Xeller*, 6 S.W.3d 618, 626 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). A party resisting discovery on grounds that it is unduly burdensome or unnecessarily harassing must produce evidence in charge of its assertions. *In re Alford Chevrolet-Geo*, 997 S.W.2d at 181. However, "[w]hether a request for discovery is overbroad is distinct from whether it is burdensome or harassing," and "[i]t is improper for courts to enforce overbroad requests for irrelevant information regardless of whether the requests are burdensome." *In re Contract Freighters, Inc.*, 646 S.W.3d at 814; *see In re Allstate Cnty. Mut. Ins.*, 227 S.W.3d 667, 670 (Tex. 2007) (orig. proceeding).

## IV.   ANALYSIS

The discovery requests at issue seek information regarding two categories—the surveillance equipment at the store where the accident occurred and previous accidents at McCoy locations.

### A.   Security Surveillance

Relator asserts that the trial court abused its discretion by denying its motion to compel responses to discovery requests regarding the McCoy security surveillance system and by refusing to allow him to depose the McCoy employee who is responsible for the security surveillance system for the McCoy stores. In contrast, McCoy contends that this discovery is irrelevant because it is "crystal clear that there is no operational video surveillance equipment at the subject store."

8

The interrogatories and requests for production regarding surveillance include:

Interrogatory No. 4: Identify the serial number and brand and model number of the video surveillance system utilized by Defendant on 02/05/2020 at the MCCOY'S Building Supply #100 business located at 2901 W. University Dr, Edinburg, TX 78539.

Interrogatory No. 5: Identify by name of the information technology supervisor, employee, and/or third-party individual within . . . Defendant, in charge of storing the recorded surveillance recordings, responsible for the operation of the video surveillance equipment, and/or tapes, in addition the custodian of records for such surveillance recording.

Interrogatory No. 6: Please identify the person(s) and/or third-party Company that is responsible for maintenance services [as to] the subject video surveillance equipment at the subject premises.

Interrogatory No. 7: Please identify all individuals within Defendant Corporation and/or their agents that were responsible to preserve the subject video surveillance as per the 02/06/2020 preservation letter delivered to MCCOY'S.

Interrogatory No. 8: Describe in detail Defendant's video recording policies and retention procedures for maintaining the surveillance video, including time frames of retaining such recordings set for 7, 14, 30, or 90 days recycle period.

Request for Production No. 15: A copy of any uncut surveillance media footage for the time period of two (2) hours prior and two (2) hours subsequent to the incident in question which occurred on 02/05/2020 for the Mccoy's Building Supply located at 2501 W. University Dr., Edinburg, Texas; this request includes but is not limited to raw uncut video recorded footage, plus graphs, diagrams, slides, "hot takes" photographs, raw uncut security camera video footage, sketches, etc.

Request for Production No. 43: Please produce any and all documents relating to the subject video surveillance system at the subject MCCOY'S facility concerning maintenance, servicing, breakdowns, system failures, and service calls for the previous twelve (12) months prior to the incident.

McCoy answered Interrogatory No. 4 as, "None, there is no operational video system at the Subject Store." McCoy objected to Interrogatory Nos. 5, 6, 7, and 8 as vague,

9

overbroad, and irrelevant, then provided the same answer as to Interrogatory No. 4. McCoy objected to Request for Production Nos. 15 and 43 on grounds that they are vague, overbroad, and irrelevant, then responded, "Subject to and without waiving the foregoing, none."

The trial court's order denies relator's amended motion to compel on Interrogatory Nos. 4, 5, 6, 7, and 8 and Request for Production Nos. 15 and 43, but notes that relator "is permitted to include surveillance equipment as a topic for a Corporate Representative as per Rule 199.2(b), Texas Rules of Civil Procedure[] related to the subject location . . . ."

Relator's first amended petition states that McCoy "maintains numerous surveillance cameras used to monitor employee and customer activities, but [McCoy] fails to use the surveillance video to discipline employees for violation of customer safety policies, but uses the surveillance video to discipline employees for employment violations that [affect] Defendant's financial/pecuniary interests." At the hearing, McCoy's counsel advised the trial court that "there was no operational equipment at the time [of the accident]," that "the machine worked at some point but it stopped working years ago," and "[i]t's up there as a deterrent." Relator's counsel asserted that McCoy's current position conflicted with what his client was told. In particular, relator's counsel advised the trial court that the assistant manager at the store told relator that, "I saw the accident on the video. I saw it on the surveillance video; are you okay?" Relator's counsel asserted that McCoy's current position that the surveillance equipment did not record and was not used for monitoring purposes conflicted with what his client was told.

10

Construing relevancy liberally to allow the litigants to obtain the fullest knowledge of the facts and examining the plethora of contradictory assertions regarding the surveillance system, and relator's pleadings regarding that system, we conclude that the trial court made a "clear and prejudicial error of law" by denying relator's motion to compel as to the requested discovery. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d at 247; *In re Nat'l Lloyds Ins.*, 449 S.W.3d at 488; *Ford Motor Co.*, 279 S.W.3d at 664. Whether or not there was a surveillance system, whether it recorded, whether it ever recorded, and if so, when it stopped recording, and how McCoy used the surveillance system would be relevant to relator's claims and discoverable. *See* TEX. R. EVID. 401. Further, the discovery requests at issue, including the request to depose the McCoy individual in charge of its surveillance equipment, are neither vague nor overbroad nor burdensome.

We sustain relator's issue pertaining to the surveillance equipment at the subject store location and the deposition of a McCoy employee regarding its use of surveillance equipment at its stores.

## B.    Previous Accidents

Relator further contends that the trial court erred by limiting his discovery to "other similar incidents" at the subject store location only. McCoy contends, in contrast, that discovery regarding other locations would be overbroad and a "fishing expedition." The interrogatories and requests for production regarding previous accidents include:

> Interrogatory No. 10: Please describe any claims or lawsuits that have heretofore been brought against this Defendant by reason of an incident or personal injury at the MCCOY'S Building Supply #100 business located at 2901 W. University Dr, Edinburg, TX 78539, and/or at some other MCCOY'S location for that last five (5) year period.

11

Interrogatory No. 15: If you have had any other similar injury incidents prior to the incident made the basis of this lawsuit, which are substantially similar and occurred at the same or similar location of MCCOY'S Building Supply #100 business located at 2901 W. University Dr, Edinburg, TX 78539, and where the incident made the basis of this suit occurred, please provide details of those incidents, identify any documents and photographs which reflect such incidents, and identify witnesses and parties involved in these other similar incidents.

Request for Production No. 2: A true and correct copy of all claims, demands or lawsuits made against MCCOY'S, within the past five (5) year period wherein personal injuries were alleged to be sustained as a result of a fall incident on Defendant premises.

Request for Production No. 8: Please produce true and correct copies of all non-privileged pre-litigation investigation reports for any slips, trips and/or falls at all Defendant's location[s] in Texas wherein liability was rejected.

Request for Production No. 16: Copies of any documents pertaining to any and all other similar prior incidents of personal injury on the premises located at 2501 W. University Dr., Edinburg, Texas, and made the basis of this lawsuit for the five (5) years prior to the date of Plaintiff's injury.

McCoy objected to these interrogatories and requests for production on various grounds including vagueness, overbreadth, and relevance. Subject to objections, McCoy responded to Interrogatory No. 15 by stating that "Defendant has no control over customer's vehicles and there have been no substantially similar incidents at this location." McCoy did not otherwise respond to Interrogatory No. 10 or Requests for Production Nos. 2, 8, and 16.

Relator offered to narrow the scope of his discovery requests. We focus on relator's narrowed requests. *See In re K&L Auto Crushers, LLC*, 627 S.W.3d at 253. In relator's motion to compel, relator agreed to limit the scope of Interrogatory Nos. 10 and 15, and Request for Production Nos.2, 8, and 16, "to customer injuries from slips/trips/falls associated with merchandise handling and loading/unloading vehicles over the past 5

12

years." The trial court ruled that relator's discovery requests regarding previous accidents are limited to "other similar incidents" at the subject location in Edinburg where the accident occurred.

Evidence of prior incidents or accidents may be admissible if they are relevant to contested issues in the case. *See Nissan Motor Co. Ltd. v. Armstrong*, 145 S.W.3d 131, 138 (Tex. 2004); *Mo. Pac. R.R. Co. v. Cooper*, 563 S.W.2d 233, 236 (Tex. 1978); *see, e.g.*, *Arreola v. Union Pac. R.R.*, 657 S.W.3d 789, 822 (Tex. App.—El Paso 2022, no pet.) ("In general, evidence of substantially similar prior accidents of which a defendant was aware may be admissible to demonstrate that the defendant could have foreseen the accident under consideration."); *Martinez v. Kwas*, 606 S.W.3d 446, 457 (Tex. App.— Houston [1st Dist.] 2020, pet. denied) ("Texas courts have held that evidence of a defendant's policies or practices relating to safety regulations are relevant to establishing negligence or gross negligence."). Thus, "evidence of other accidents, near accidents, or related similar events is probative evidence in Texas courts, provided an adequate predicate is established." *In re Sun Coast Res., Inc.*, 562 S.W.3d at 148; *see In re HEB Grocery Co.*, 375 S.W.3d 497, 502–03 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding); *Columbia Med. Ctr. Subsidiary, L.P. v. Meier*, 198 S.W.3d 408, 411–12 (Tex. App.—Dallas 2006, pet. denied). Further, "the scope of discovery is obviously much broader than the scope of admissible evidence." *In re Exmark Mfg. Co.*, 299 S.W.3d 519, 528 (Tex. App.—Corpus Christi–Edinburg 2009, orig. proceeding [mand. dism'd]). Stated otherwise, "relevance for purposes of discovery is broader than relevance under the

Texas Rules of Evidence." *In re Walmart, Inc.*, 620 S.W.3d 851, 858 (Tex. App.—El Paso 2021, orig. proceeding [mand. denied]).

In analyzing the discovery of other accidents or incidents, "we consider the plaintiff's claims as [pleaded], the instrumentality of the injury, as well as the potential relevance of similar conditions at other premises at issue." *In re HEB Grocery Co.*, 375 S.W.3d at 502; *see also In re HEB Grocery Co.*, No. 13-10-00533-CV, 2010 WL 4523765, at *5 (Tex. App.—Corpus Christi–Edinburg 2010, orig. proceeding [mand. denied]) (mem. op.) (holding that a request for search beyond the premises of injury was not overbroad considering allegations of negligence based upon nationwide policy decisions regarding the provision and utilization of mechanized electronic carts for customers).

Examining the trial court's order, we note that it does not expressly include the five-year limitation on discovery as discussed by the parties and agreed by relator. We assume, without deciding, that this limitation applies to the discovery at issue. We further note that the trial court's order expressly denies relator's limited request for information and documents related to prior claims, incidents or lawsuits involving customers injured while interacting with merchandise inside McCoy stores, while loading or unloading merchandise into vehicles, and while returning or exchanging merchandise. The trial court's order instead allows discovery regarding "other similar incidents." The parties do not agree as to what that term means, and we note that McCoy has suggested that it might need to search only for claims "where a customer fell off his trailer while loading merchandise" or otherwise search for any and all claims involving "slips, trips, or falls."

The trial court's use of a generic term such as "other similar incidents" leaves the scope of responsive discovery indeterminate and subject to varying interpretations.

Leaving that matter aside, we examine the relator's claims as pleaded, the mechanisms of his alleged injury, and the potential relevance of similar conditions at other premises. *See In re HEB Grocery Co.*, 375 S.W.3d at 502. Reviewing relator's first amended petition, relator has alleged both negligence and premises liability claims against McCoy based on the subject accident. Relator alleged generally that McCoy was negligent in creating a dangerous condition and an unreasonable risk of harm to its customers in its loading area. Relator alleged, in relevant part, that McCoy's personnel failed to follow its company-wide policies and procedures regarding the safe loading of merchandise—specifically its prohibition against customer involvement and the required use of additional personnel to load heavy or large items. Further, relator has alleged that McCoy fails to strictly enforce its safety policies, such as those affecting this incident, yet stringently enforces those policies that affect its pecuniary interests.

We agree with the trial court that a multi-state search across all stores would be overbroad. *See, e.g., In re Contract Freighters, Inc.*, 646 S.W.3d at 814–15 (concluding that discovery requests requiring the production of records for every rear-end accident involving CFI nationwide for five years were "overbroad in time and scope and unlikely to lead to the discovery of useful information" because they were "not reasonably tailored to the McPhersons' claims or the factual circumstances of the accident at issue in this case"); *In re Ford Motor Co.*, 427 S.W.3d 396, 397 (Tex. 2014) (orig. proceeding) (per curiam) (request for "detailed financial and business information for all cases the

15

companies have handled for Ford or any other automobile manufacturer from 2000 to 2011" was overbroad); *In re Dana Corp.*, 138 S.W.3d at 302 (request for inapplicable insurance policies covering fifteen years of exposure was overbroad); *Dillard Dep't Stores, Inc. v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995) (orig. proceeding) (per curiam) (stating that "a twenty-state search for documents over a five-year period is overly broad as a matter of law"). But concomitantly, given relator's claims pertaining to McCoy's company-wide policies as implicated in the accident at issue, rather than store-specific issues, we agree with relator that limiting discovery to incidents at the store where the accident took place is too narrow. *See In re Alford Chevrolet-Geo*, 997 S.W.2d at 185–86 (Hecht, J., concurring) ("Defendants should not be denied all protection from overly broad discovery requests merely because they have initially offered to produce too little, any more than plaintiffs should be denied all discovery merely because they have initially asked for too much."). In this regard, we note that McCoy has not alleged or produced evidence that responding to the discovery request at issue would be unduly burdensome. We conclude that the trial court abused its discretion by limiting discovery to the single store at issue. Therefore, in further proceedings regarding this issue, the trial court should exercise its discretion to place reasonable parameters on the scope of the requested discovery. We sustain relator's second and third issues.

## C.  Remedy by Appeal

Relator contends that he lacks an adequate remedy by appeal because the denied discovery goes to the heart of his case. We agree. The trial court's order vitiates or severely compromises relator's ability to present his claim at trial, and thus an appeal is

not an adequate remedy. *See In re Liberty Cnty. Mut. Ins*, 679 S.W.3d 170, 176 (Tex. 2023) (orig. proceeding).

## VI. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, McCoy's response, the reply, and the applicable law, is of the opinion that relator has met his burden to obtain mandamus relief. Accordingly, we lift the stay previously imposed in this case and we conditionally grant the petition for writ of mandamus. We direct the trial court to vacate its March 6, 2024 order denying relator's motion to compel discovery and to conduct further proceedings in accordance with this memorandum opinion. Our writ will issue only if the trial court fails to comply.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
26th day of August, 2024.

17